JUAN MASINI ET AL., Plaintiffs and Appellants, *v.* PEOPLE OF PUERTO RICO, Defendant and Appellee.

No. 7388. Argued December 21, 1937.—Decided March 11, 1938

*R. Soltero Peralta* for appellants. *B. Fernández García, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The record reveals that on January 11, 1936, eleven plaintiffs filed an amended complaint containing eleven causes of action; that the defendant demurred; that the court sustained the demurrer; that four of the eleven plaintiffs then filed a second amended complaint to which defendant demurred; that the court sustained the demurrer and, believing that the complaint was not susceptible of amendment, entered judgment dismissing it, without an award of costs. This appeal has been taken from that judgment.

The averments common to the eleven causes of action first set out and to the four later pleaded are as follows:

Three employees of the defendant, in November, 1931, and in Jayuya, acting within the course of their employment as such in the establishment of transmission lines for electricity included within the project for the development of the water resources of the Government of Puerto Rico, did the acts causing the injuries complained of, as follows: One, Ramón Ortiz, placed underneath the kitchen in the house of María Mattei, without her consent, four gasoline drums belonging to defendant; the second, Francisco Rodríguez, tried in the early morning to take out a can of gasoline from

one of the drums, while the third, Juan Ramón Ybio, was holding a gas lamp in such a negligent manner that he set fire to the gasoline, the fire spreading in all directions.

The averments then differ, there being described in each cause of action the property or properties destroyed by the fire, with a specification of the damages sustained, which in total aggregate in the last four causes of action the sum of $29,219, for which judgment is prayed against the defendant.

It is then alleged in each of the four causes of action finally set out:

"That on November 23, 1932, the plaintiff in this cause of action filed a complaint in the District Court of Arecibo, Puerto Rico, against The People of Puerto Rico and the Puerto Rico Irrigation Service, under number 13,551, claiming damages for the reasons here set forth; but since plaintiff was unable to furnish a bond in favor of The People of Puerto Rico as required by Act No. 76 approved April 13, 1916 (p. 154), as amended by Act No. 11 approved April 18, 1928 (p. 130), that action could not be prosecuted and was dismissed on June 25, 1935."

The grounds for demurrers which were sustained were: lack of jurisdiction for the reason that The People of Puerto Rico has not consented to be sued, improper joinder of parties plaintiffs, and failure to state a cause of action for the reason that the actions which might have been brought by plaintiffs prescribed in accordance with the provisions of Section 9 of Act No. 76 of April 13, 1916 (Laws, p. 154).

Appellants maintain in their brief that the district court erred in sustaining the demurrers.

In support of their contention that the court can take jurisdiction of the litigation without the express consent of the defendant, appellants cite Section 9 of Joint Resolution No. 36, approved April 29, 1927 (Laws, p. 344), known as "Act for the development of the Water Resources," which reads in part as follows:

"That the engineer-director appointed by the Commissioner of the Interior to direct the survey and construction of these works,

and his officials, agents, or employees, shall have the right to enter, upon notification to the owner or representative, any land for the purpose of making surveys. and to locate and establish any work proposed or included in the projects for the development of water power, including the lines of any canal, road, tunnel, or site for reservoir, aqueduct, electric-power plant, transmission lines, transformer substation, or any other work that may be required, the owner of the property to be indemnified for such damages as may be occasioned in consequence of the said works; *Provided,* That the amount of said indemnity shall be fixed with the approval of the Executive Council. . . .''

Neither the portion of the statute above transcribed nor much less the whole of it has the scope which appellants contend. The legislature limited itself to fixing a duty to indemnify the landowner for the damages which might be occasioned him by the works therein specified, and what the employees of the defendant are said to have done in this case is not clearly included within any of them.

We are inclined to believe that there was no error, but even if this were not so, in view of the broad terms in which Section 1 of Act No. 76 of 1916 (Laws, p. 151) was amended by Act No. 11 of 1928 (Laws, p. 130), we would in any event have to hold that the judgment be sustained since from the face of the complaint it appears that the causes of action sought to be brought are prescribed in accordance with Section 9 of Act No. 76 of 1916 above referred to, which expressly provides that all actions against The People of Puerto Rico shall prescribe, if suit is not begun within one year after the cause of action arises, as construed in connection with Section 4 thereof, as amended in 1928, as follows:

''. . . . . *Provided, however,* That every plaintiff, as condition precedent to commencing such suit, must furnish a bond satisfactory to the court in the sum of two thousand (2,000) dollars in answer for costs; *Provided,* That the court shall have power to exempt from giving bond such persons as, on account of their poverty, may not be able to do so.''

The acts giving rise to the cause of action occurred on November 29, 1931, the original complaint having been filed without the requisite bond on November 23, 1932.

The action thus sought to be commenced was dismissed on June 25, 1935, the new complaint having been filed in November, 1935.

The averment that the plaintiffs were not able to furnish the bond is without merit since the act itself provides how the difficulty in such cases can and should be solved.

 Although in view of the conclusion we have reached, we could pass over the improper joinder of parties plaintiffs, we wish nevertheless to state that the order of the court sustaining the demurrer on this point is in accordance with the law and with the decisions of this Court interpretative thereof. Section 104 of the Code of Civil Procedure (1933 ed.); *Ortiz et al. v. Insular Police Commission*, 40 P.R.R. 157; *Rodríguez v. Rodríguez et al.*, 17 P.R.R. 703. '

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.